IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN G. WILKINS, | No. C 10-3090 LHK (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | |
| COUNTY OF ALAMEDA, et al., | |
| Defendants. | |

Plaintiff, a pretrial detainee proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the Court dismisses the complaint with leave to amend.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

1  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
2  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
3  the alleged violation was committed by a person acting under the color of state law. *See West v.*
4  *Atkins*, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Claims

Plaintiff alleges that Defendants prevented him from exercising his right to vote. In June 2008, Plaintiff decided he wanted to vote and learned that the deadline to register was October 20, 2008. On October 5, 2008, Plaintiff filed a grievance complaining that he was unable to register to vote. On October 9, 2008, Defendant Cabotage brought Plaintiff a voter registration form. Plaintiff had a difficult time understanding the form and asked for clarification. Even without receiving clarification, Plaintiff submitted his registration form for mailing. On October 17, 2008, Plaintiff's registration form was returned to him without explanation. On October 20, 2008, Plaintiff gave Defendant Tafolla the registration form for mailing even though the deadline for receiving his registration form at the registrar's office was that day. A few hours later, Plaintiff was advised that his form did not go with the outgoing mail, but that Deputy Williams was going to fill out a new form with Plaintiff. On October 30, 2008, Deputy DeLeon passed out the day's mail and gave another inmate a ballot form; however, Plaintiff received no ballot form. On November 4, 2008, having received no ballot form, Plaintiff wrote a grievance. Defendants Jones and Theobald denied Plaintiff's grievance, stating that the Registrar of Voters declared it had received Plaintiff's registration form, however, Plaintiff did not list a mailing address to which the Registrar was to send his ballot. Plaintiff filed another grievance to the Internal Affairs Board as well as Supervisor Nate Miley and Sheriff Greg Ahern.

Plaintiff decided he wanted to vote in the May 19, 2009 election. After receiving no ballot, on May 10, 2009, Plaintiff filed a grievance complaining that he had not received an absentee ballot. Defendants Snider and Bowman denied the grievance, stating that Plaintiff did not put his PFN number on the registration form so prison officials returned his ballot to the registrar. Plaintiff alleges that he often received other mail without his PFN number and asserts that there is no requirement that he include that on his mail.

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.LHK\CR.10\Wilkins090dwla.wpd      2

1  In April 2010, Plaintiff filed a grievance complaining that he wished to vote in the June
2  2010 election but had received no information.  On April 23, 2010, Plaintiff was informed that
3  he was already registered to vote.  Plaintiff was told that he needed an application to vote by
4  mail and received the form.  On April 26, 2010, Plaintiff mailed his application.  On May 25,
5  2010, Plaintiff wrote a grievance complaining that he had not yet received any information
6  regarding the upcoming election.  Plaintiff alleges that Defendants refused to process this
7  grievance.  On June 9, 2010, Plaintiff filed another grievance, which Defendants refused to
8  process.  Defendant Delgadillo responded, "You were provided the necessary form for an
9  absentee ballot and inmate services confirmed you were registered.  It's your responsibility to
10  follow-up and vote."

11  Plaintiff alleges that he was denied his constitutional right to vote because he was not
12  provided voting information on the measures and candidates, nor was he provided a ballot to
13  vote.  Plaintiff complains that none of the Defendants "acted to assure Plaintiff was enabled to
14  vote."

15  While section 2 of the Fourteenth Amendment expressly provides that the right to vote
16  may be abridged for participation in a crime, pretrial detainees stand on a different footing than
17  those convicted of a crime.  *Cf. O'Brien v. Skinner*, 414 U.S. 524, 530-31 (1974) (statute which
18  prohibits otherwise eligible pretrial detainees from registering or voting by absentee ballot found
19  unconstitutional).  Assuming that Plaintiff is entitled to vote, liberally construed, he has
20  has stated a cognizable claim that his right to due process was violated.  *See Redman v. County*
21  *of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc) (pretrial detainees must show
22  deliberate indifference or reckless indifference to state a claim under section 1983).

23  However, Plaintiff fails to allege a causal connection between the Defendants and his
24  purported constitutional violation.  For example, Defendants Jones, Theobald, Snider,
25  Delgadillo, Ary, and Ayala were all named because they denied his administrative grievances.
26  However, there is no constitutional right to a prison administrative appeal or grievance system.
27  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).  A prison official's failure to process
28  grievances, without more, accordingly is not actionable under § 1983.  *See Buckley v. Barlow*,

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.LHK\CR.10\Wilkins090dwla.wpd        3

997 F.2d 494, 495 (8th Cir. 1993); *see also Ramirez*, 334 F.3d at 860(holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). That is to say that, without more, Plaintiff's allegations against these Defendants fail to allege that these individuals were personally involved in the denial of his right to vote. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").

In addition, as to Defendant Cabotage, Plaintiff merely alleged that he brought Plaintiff a registration form. Plaintiff asserts that he gave Defendant Tafolla the completed registration form to put in the outgoing mail. Plaintiff states that he wrote a letter to Defendants Supervisor Nate Miley and Sheriff Greg Ahern complaining about the difficulties he was experiencing in attempting to vote. Plaintiff names as Defendants Janet Peters and Lolita Francisco, both employees of the Registrar of Voters, who gave Plaintiff advice as to how to process the forms. Plaintiff does not assert how these Defendants were personally involved in the deprivation of his civil rights. The remaining named defendants similarly lack a causal connection to an alleged constitutional violation.

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See id.* at 633. To defeat summary judgment, sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" actions which violated his or her rights. *Id.* at 634. Either personal involvement or integral participation of the officers in the alleged constitutional violation is required before liability may be imposed; liability may not be imposed based solely on an officer's presence during the incident. *See Hopkins v. Bonvicino*, 573 F.3d

752, 769-70 (9th Cir. 2009) (holding that although "integral participant" rule may not be limited to officers who provide armed backup, officer who waits in front yard and does not participate in search of residence not an integral participant).

Accordingly, Plaintiff's complaint is DISMISSED with leave to amend. Plaintiff must link each defendant to the claims by alleging facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved person by name and link each of them to the claim(s) by explaining what each defendant did or failed to do that caused a violation of his constitutional rights.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. The Court DISMISSES the complaint with leave to amend.

2. Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed to cure the deficiencies described above if he can do so in good faith. The amended complaint must include the caption and civil case number used in this order (C 10-3090 LHK (PR)) and the words AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file an amended complaint within thirty days and in accordance with this order will result in dismissal of this action.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is the Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule

1  of Civil Procedure 41(b).
2       IT IS SO ORDERED.
3  DATED:  11/8/2010

                                                        _____
LUCY H. KOH
United States District Judge