IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN G. WILKINS, ) | No. C 10-3090 LHK (PR) |
| Plaintiff, ) | ORDER DENYING PETITION |
| ) | FOR PRE-ACTION DISCOVERY |
| v. ) | |
| COUNTY OF ALAMEDA, et al., ) | |
| Defendants. ) | |

    Plaintiff, a pretrial detainee proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On November 8, 2010, the Court dismissed Plaintiff's complaint with leave to amend. On December 27, 2010, Plaintiff filed a petition for pre-action discovery so that he might "name proper defendants and cure deficiencies in the Court's order."

    Plaintiff cites to Federal Rules of Civil Procedure 26, 27, and 34 in support of his petition. Rule 26 provides the general provisions governing discovery between parties. Fed. R. Civ. P. 26. Rule 34 provides the procedure in which parties may request and produce documents. Fed. R. Civ. P. 34. As yet, because the Defendants have not been identified nor served, Rules 26 and 34 are inapplicable. Rule 27 is intended to apply to situations in which testimony might be lost to a prospective litigant unless taken immediately, without having to wait for a lawsuit or other legal proceeding to commence. But this Rule is generally limited to potential deponents who may be unavailable after a complaint is filed due to such reasons as

Order Denying Petition for Pre-Action Discovery
P:\PRO-SE\SJ.LHK\CR.10\Wilkins090predisc.wpd

1  advanced age, illness, or an indefinite departure from the country.  *See, e.g.*, *In re Boland*, 79
2  F.R.D. 665, 667 (D.D.C. 1978).
3     In this case, the Plaintiff seeks production of documents -- not testimony -- and other
4  information more appropriately addressed through the normal discovery process.  "Unlike other
5  discovery rules, Rule 27(a) allows a party to take depositions prior to litigation if it demonstrates
6  an expectation of future litigation, explains the substance of the testimony it expects to elicit and
7  the reasons the testimony will be lost if not preserved.  If the court is satisfied that the
8  perpetuation of the testimony may prevent a failure or delay of justice, it shall permit the
9  deposition to be taken."  *Calderon v. U.S. District Court for the Northern District of California*
10 *(Thomas)*, 144 F.3d 618, 621 (9th Cir. 1998) (internal citation and quotation marks omitted).
11 Here, not only is Plaintiff not seeking deposition testimony, but there is also no indication that
12 the information Plaintiff seeks will be unavailable in the future, once Defendants are identified
13 and served.  In addition, Rule 27 is inappropriate in this situation where it appears that Plaintiff
14 is seeking discovery of unknown information, in the hopes that it will assist him in obtaining
15 judicial relief in the future.  *See Nevada v. O'Leary*, 63 F.3d 932, 933 (9th Cir. 1995) (noting that
16 Rule 27 does not permit as broad an inquiry into discovery as Rule 26(b)); *see also Ash v. Cort*,
17 512 F.2d 909, 912 (3rd Cir. 1975) ("Rule 27 is not a substitute for discovery").
18     Accordingly, Plaintiff's motion for pre-action discovery is DENIED.
19     IT IS SO ORDERED.
20 DATED:   2/25/11                                    _____
                                                       LUCY H. KOH
21                                                     United States District Judge

Order Denying Petition for Pre-Action Discovery
P:\PRO-SE\SJ.LHK\CR.10\Wilkins090predisc.wpd     2