1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEENAN G. WILKINS, | ) | No. C 10-3090 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF SERVICE; |
| | ) | DIRECTING DEFENDANTS TO |
| v. | ) | FILE DISPOSITIVE MOTION |
| | ) | OR NOTICE REGARDING |
| COUNTY OF ALAMEDA, et al., | ) | SUCH MOTION |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a pretrial detainee proceeding *pro se*, filed a first amended civil rights complaint pursuant to 42 U.S.C. § 1983.  For the reasons stated below, the Court orders service upon named Defendants.

**DISCUSSION**

A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   <u>Plaintiff's Claims</u>

Liberally construing Plaintiff's amended complaint, Plaintiff states a cognizable claim that named Defendants violated his fundamental right to vote, his right to due process, and his right to equal protection. Plaintiff also alleges a cognizable claim of conspiracy, in violation of 42 U.S.C. § 1985(3), and a related claim of failing to prevent the conspiracy, in violation of 42 U.S.C. § 1986.

Plaintiff also sues 50 "Doe" Defendants and 20 "Roe" Defendants. The use of "John Doe" to identify a defendant is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968). Consequently, the "Doe" and "Roe" Defendants are DISMISSED without prejudice. Should Plaintiff succeed in identifying the unknown Defendants, he may move to amend to add them to his amended complaint. *See Gillespie*, 629 F.2d at 642.

C.   <u>Request for Appointment of Counsel</u>

In his amended complaint, Plaintiff also requests appointment of counsel. The request is DENIED for want of exceptional circumstances. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *see also Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a civil case). The issues in this case are not particularly complex, and Plaintiff has thus far been able to adequately present his claims. This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

**CONCLUSION**

For the foregoing reasons, the court hereby orders as follows:

1.   Plaintiff's request for appointment of counsel is DENIED without prejudice. Defendants Doe 1-50 and Roe 1-20 are DISMISSED without prejudice.

1    2.    The Clerk shall issue a summons, and the United States Marshal shall serve,

2    without prepayment of fees, copies of the amended complaint in this matter (docket no. 12), all

3    attachments thereto, and copies of this order on **the County of Alameda; Santa Rita Jail**

4    **Captain Carla Kennedy; Dave MacDonald, Supervisor Janet Peters,** and **Lolita Francisco**

5    at the **County of Alameda Registrar of Voters;** and **Sheriff Gregory J. Ahern, Captain**

6    **James E. Ayala, Sgt. Jones, Lt. Bowman, Lt. Theobald, Lt. Kennedy, Lt. Sanchas, Sgt.**

7    **Snider, Deputy Delgadillo,** and **Lt. Ary** at the **Alameda County Sheriff's Office.**  The Clerk

8    shall also serve a copy of this order on Plaintiff and mail a courtesy copy of the amended

9    complaint to the California Attorney General's Office.

10    3.    No later than **ninety (90) days** from the date of this order, Defendants shall file a

11    motion for summary judgment or other dispositive motion with respect to the cognizable claim

12    in the complaint.

13    a.    If Defendants elect to file a motion to dismiss on the grounds that Plaintiff

14    failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

15    Defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315

16    F.3d 1108, 1119-20 (9th Cir. 2003).

17    b.    Any motion for summary judgment shall be supported by adequate factual

18    documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

19    Procedure.  **<u>Defendants are advised that summary judgment cannot be granted, nor</u>**

20    **<u>qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion</u>**

21    **<u>that this case cannot be resolved by summary judgment, they shall so inform the Court</u>**

22    **<u>prior to the date the summary judgment motion is due.</u>**

23    4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and

24    served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

25    a.    In the event Defendants file an unenumerated motion to dismiss under

26    Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

27

28    _____

[1] The following notice is adapted from the summary judgment notice to be given to pro se
prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See*

1
2
3
4
5
6

      The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted, and the case dismissed.

7
      b.     In the event Defendants file a motion for summary judgment, the

8
Ninth Circuit has held that the following notice should be given to plaintiffs:

9
10
      The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

11
12
13
14
15
16
17
18
      Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

19
*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read

20
Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317

21
(1986) (holding party opposing summary judgment must come forward with evidence showing

22
triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that

23
failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a

24
consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff

25
without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v.*

26
*Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

27
28

---

*Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

5.     Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

6.     The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

7.     All communications by the Plaintiff with the court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

For Plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (for example, questions asking for specific, factual responses) directly to Defendants' counsel.  *See* Fed. R. Civ. P. 33-34.  The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ."  *See* Fed. R. Civ. P. 26(b)(1).  Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2).  In order to comply with the requirements of Rule 26, before deciding to promulgate discovery Plaintiff may find it to his benefit to wait until Defendants have filed a dispositive motion which could include some or all of the discovery Plaintiff might seek.  In addition, no motion to compel will be considered by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local Rule 37-1 has been satisfied.  Because Plaintiff is detained, he is not required to meet and confer with Defendants in person.  Rather, if his discovery requests are denied, and he intends to seek a motion to compel, he must send a letter to Defendants to that effect, offering them one last opportunity to provide him with the sought-after information.

9.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a

1   timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

2   pursuant to Federal Rule of Civil Procedure 41(b).

3          IT IS SO ORDERED.

4   DATED:   ___4/13/11___

                                        *Lucy H. Koh*

                                        LUCY H. KOH
                                        United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28