1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  KEENAN G. WILKINS,                    )        No. C 10-3090 LHK (PR)
                                          )
12            Plaintiff,                   )       ORDER GRANTING
                                          )       DEFENDANTS' MOTION FOR
13       v.                                )       SUMMARY JUDGMENT
                                          )
14  COUNTY OF ALAMEDA, et al.,            )
                                          )
15            Defendants.                  )
    _____)

16

17          Plaintiff, a pretrial detainee proceeding *pro se*, filed an amended civil rights complaint

18  pursuant to 42 U.S.C. § 1983 against employees of Alameda County.  In his amended complaint,

19  Plaintiff alleges that Defendants violated his fundamental right to vote and his right to due

20  process and equal protection, and conspired with each other to do so.  Defendants have moved

    for summary judgment.  Plaintiff has filed an opposition, and Defendants have filed a reply.[1]
21
    Having carefully considered the papers submitted, the Court hereby GRANTS Defendants'
22
    motion for summary judgment, for the reasons set out below.
23
                                    **BACKGROUND**
24
            The following facts are taken in the light most favorable to Plaintiff, and are undisputed
25
    unless otherwise indicated.
26

27  _____

28       [1] Defendants' unopposed request for judicial notice and supplemental request for judicial
    notice are GRANTED.

1    Plaintiff alleges that while he was a pretrial detainee at the Santa Rita Jail in Alameda

2    County, Defendants denied him the right to vote in three consecutive elections in 2008, 2009,

3    and 2010. (Compl. at 3.) After several of Plaintiff's requests to inmate services regarding

4    initiating steps to register as a voter were ignored, and realizing that the deadline to register was

5    October 20, 2008, Plaintiff filed an emergency grievance. (Compl. Addendum at 2.) On

6    October 9, 2008, Plaintiff was given a registration form. (*Id.*) However, the registration form he

7    was given was a form to register as a permanent absentee voter, which Plaintiff did not want.

8    (*Id.*) Nonetheless, after receiving no information as to why he received that particular

9    registration form, Plaintiff completed the form and gave it to Defendant Deleon for mailing. (*Id.*

10   at 3.)

11   One week later, Plaintiff received his completed form back from Defendant Deleon, and

12   neither one knew why the form had been returned. (*Id.*) On the registration deadline, Plaintiff

13   gave the registration form to Defendant Tafolla to place in the outgoing mail. (*Id.*) A few hours

14   later, because no one could find the form that Plaintiff had given to Defendant Tafolla, Plaintiff

15   had to fill out a new form. (*Id.*) On October 30, 2008, Defendant Deleon passed out the

16   incoming mail and gave Inmate Menefee a ballot form with instructions as to the deadline date

17   for turning it in. (*Id.* at 3-4.) Plaintiff and several other inmates did not receive ballot forms.

18   (*Id.* at 4.) On November 4, 2008, Plaintiff was unable to vote, nor was he provided a ballot.

19   (*Id.*) Plaintiff complained to Sheriff Ahern and other staff regarding his inability to vote, as well

20   as the lack of jail policies and procedures provided to assist inmates in the voting procedure.

21   (*Id.*)

22   On February 27, 2009, Plaintiff spoke with Defendant Lolita Francisco, a supervisor at

23   the County Registrar, and complained about his inability to vote, and the problems he was

24   experiencing at the jail. (*Id.*) After the Supervisor gave him more information regarding what

25   information the jail should have, Plaintiff did not hear from her again despite her assertion that

26   she would contact his family. (*Id.* at 5.) Plaintiff wrote to the head of the County Registrar,

27   complaining about the denial of his right to vote, and the problems he was experiencing at the

28   jail. (*Id.*) Plaintiff then received a letter from another supervisor at the County Registrar,

1   directing him to request a vote-by-mail ballot. (*Id.*)

2     Plaintiff planned to vote on the May 19, 2009 election day. (*Id.* at 6.)  However, Plaintiff

3   believed he had not registered yet and submitted another registration form to fill out. (*Id.*)  He

4   never received a receipt and as election date loomed closer, Plaintiff submitted a grievance

5   complaining that he had not yet received a ballot. (*Id.*)  On election day, Plaintiff was not

6   provided a ballot, and therefore, could not vote. (*Id.*)  On August 18, 2010, Plaintiff received a

7   letter from the head of the County Registrar, letting him know that the office sent a vote-by-mail

8   application to Plaintiff, but on April 9, 2009, it was returned as undeliverable. (*Id.* at 5, 6-7.)

9     In April 2010, Plaintiff complained that the jail was violating state regulations, and that

10   no information was being provided regarding upcoming elections. (*Id.* at 8.)  He completed an

11   application to vote by mail, and gave it to Defendant Firmeza to mail. (*Id.* at 9.)  When the

12   deadline for submitting a vote by mail neared, and Plaintiff had not yet received any ballot form,

13   he filed another grievance. (*Id.* at 10.)  Plaintiff never received a ballot, and was unable to vote

14   on the June 8, 2010 election day. (*Id.*)  Plaintiff received a letter in July 2010 from Defendant

15   Francisco indicating that because the Registrar did not receive Plaintiff's ballot prior to the June

16   1, 2010 deadline, he was unable to vote by mail. (*Id.*)

17               **ANALYSIS**

18   A.  Standard of Review

19     Summary judgment is proper where the pleadings, discovery and affidavits demonstrate

20   that there is "no genuine issue as to any material fact and that the moving party is entitled to

21   judgment as a matter of law." Fed. R. Civ. P. 56(c).  Material facts are those which may affect

22   the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute

23   as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a

24   verdict for the nonmoving party. *Id.*

25     The party moving for summary judgment bears the initial burden of identifying those

26   portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine

27   issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).  Where the moving

28   party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no

1  reasonable trier of fact could find other than for the moving party.  But on an issue for which the

2  opposing party will have the burden of proof at trial, as is the case here, the moving party need

3  only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.*

4  at 325.

5          Once the moving party meets its initial burden, the nonmoving party must go beyond the

6  pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a

7  genuine issue for trial." Fed. R. Civ. P. 56(e).  The Court is only concerned with disputes over

8  material facts and "factual disputes that are irrelevant or unnecessary will not be counted."

9  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  It is not the task of the Court to

10  scour the record in search of a genuine issue of triable fact.  *Keenan v. Allen*, 91 F.3d 1275, 1279

11  (9th Cir. 1996).  The nonmoving party has the burden of identifying, with reasonable

12  particularity, the evidence that precludes summary judgment.  *Id.*  If the nonmoving party fails to

13  make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex Corp.*,

14  477 U.S. at 323.

15          At the summary judgment stage, the Court must view the evidence in the light most

16  favorable to the nonmoving party: if evidence produced by the moving party conflicts with

17  evidence produced by the nonmoving party, the judge must assume the truth of the evidence set

18  forth by the nonmoving party with respect to that fact.  *See Leslie v. Grupo ICA*, 198 F.3d 1152,

19  1158 (9th Cir. 1999).

20  B.      Plaintiff's Claims

21          Liberally construed, Plaintiff claims that Defendants denied him the fundamental right to

22  vote, and denied his rights to due process and equal protection.  Plaintiff also alleges that they

23  also conspired to violate Plaintiff's right to vote, due process, and equal protection, in violation

24  of 42 U.S.C. § 1985(3), and relatedly, 42 U.S.C. § 1986.  (Compl. Addendum at 1, 9.)

25  Defendant argues that, as a convicted felon, Plaintiff has no fundamental right to vote, and thus,

26  they are entitled to judgment as a matter of law.

27          1.      Right to Vote

28          Section 2 of the Fourteenth Amendment expressly provides that the right to vote may be

abridged for participation in a crime.  This section has been interpreted as allowing a state to

disenfranchise those convicted of a crime, including those who have completed their sentences

and paroles.  *See Richardson v. Ramirez*, 418 U.S. 24, 56 (1974).  At the time the Supreme Court

decided *Richardson*, the California Constitution and the California Elections Code denied the

right to vote to people who had been convicted of certain crimes.[2]  In *Richardson*, ex-felons, who

had completed their sentences and paroles, filed a writ of mandate compelling officials to

register them as voters, alleging that the disenfranchisement violated their right to equal

protection.  *Id.* at 26-27.  The Supreme Court held that, unlike any other voting qualification,

felon disenfranchisement laws are explicitly endorsed by the text of the Fourteenth Amendment.

*Id.* at 41-53 (interpreting the provisions of "the less familiar § 2 of the Amendment").  The Court

ruled that California's statute disenfranchising convicted felons who had completed their

sentences and paroles was not inconsistent with the equal protection guarantee of the Fourteenth

Amendment.  *Id.* at 56.

Here, Defendants provide evidence that, in 1999, Plaintiff was convicted of four counts

of second degree robbery in state court.  (Req. Judicial Notice, Exs. A, B, C.)  Plaintiff does not

dispute that he suffers from those 1999 convictions.  (Opp. at 4.)  Rather, Plaintiff argues that

because he is still challenging those convictions, in *Wilkins v. Ahern*, No. 11-5626 SI (N.D. Cal.

filed November 21, 2011), they are not yet "final."  (*Id.*)  However, as the order of dismissal

states in *Wilkins*:

> [O]nce a state conviction is no longer open to direct or collateral attack in its
> own right because the defendant failed to pursue those remedies while they
> were available (or because the defendant did so unsuccessfully), the conviction
> may be regarded as conclusively valid. . . .  If that conviction is later used to
> enhance a criminal sentence, the defendant generally may not challenge the
> enhanced sentence through a petition under § 2254 on the ground that the prior
> conviction was unconstitutionally obtained."  *Lackawanna County Dist.*
> *Attorney v. Coss*,
> 532 U.S. 394, 403-04 (2001).  The only exception to the rule barring challenges

---

[2]  Thereafter, California changed their law to allow those who have completed their
sentences and are released from parole the right to vote.  The law currently provides that "[a]
person entitled to register to vote shall be a United States Citizen, a resident of California, not in
prison or on parole for the conviction of a felony, and at least 18 years of age at the time of the
next election."  Cal. Elec. Code § 2101 (West 2006).

1

2

3

4

5

> to prior convictions is that a petitioner may challenge a prior conviction used to enhance a current sentence on the ground that there was a failure to appoint counsel in that case in violation of the Sixth Amendment. *Coss*, 532 U.S. at 404. That, however, is not the situation here. Wilkins' claim of ineffective assistance of appointed counsel necessarily shows that counsel was appointed for him in the 1999 proceedings. The sentence on the 1999 conviction has concluded and the conviction is no longer open to collateral challenge in federal court.

6

7

8

9

*Wilkins v. Ahern*, No. 11-5626 SI at 2 (N.D. Cal. January 8, 2012). The Court concludes that because Plaintiff was previously convicted of a felony, and because felon disenfranchisement is explicitly permitted under *Richardson*, 418 U.S. at 55, Plaintiff does not have a federal constitutional right to vote.

10

11

12

13

14

15

16

Plaintiff's argument that Defendants violated his right to vote because Plaintiff was allowed to register, and was eligible to vote under California law holds no merit. Section 1983 does not impose liability for violations of duties of care arising out of state tort law. *See DeShaney v. Winnebago County Social Servs. Dep't*, 489 U.S. 189, 201-03 (1989). To state a claim, a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded. *See Paul v. Davis*, 424 U.S. 693, 697 (1976). Here, Plaintiff cannot do so.

17

Thus, Defendants are entitled to judgment as a matter of law on the claim that they denied Plaintiff his fundamental right to vote.

18

        2.      <u>Due Process / Equal Protection</u>

19

20

21

22

23

24

25

26

27

28

As an initial matter, Defendants argue that Plaintiff's due process claim is subsumed in his equal protection claim. The Court agrees. Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, e.g., the Takings Clause of the Fifth Amendment, that Amendment, not the more generalized notion of "substantive due process," must be used to analyze such claims. *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989). Substantive due process does not extend to circumstances already addressed by other constitutional provisions. *See Albright*, 510 U.S. at 273 (constitutionality of arrest may only be challenged under Fourth Amendment); *Fontana v. Haskin*, 262 F.3d 871, 882 & n.6 (9th Cir.

1    2001) (sexual harassment by a police officer of criminal suspect during seizure is analyzed under

2    Fourth Amendment, whereas sexual misconduct by officer toward another generally is analyzed

3    under substantive due process); *Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000)

4    (substantive due process claim improper when Equal Protection Clause covers racially

5    discriminatory actions alleged), *overruled on other grounds by Johnson v. California*, 543 U.S.

6    499 (2005).  Accordingly, the Court will only address Plaintiff's equal protection claim.

7         While Defendants argue that Plaintiff has no equal protection claim because Plaintiff has

8    no fundamental right to vote, liberally construed, Plaintiff's argument can be inferred to allege

9    that he was deprived of the statutory benefit of re-enfranchisement that California confers upon

10   those who are no longer imprisoned or on parole because of a felony conviction.  *See Harvey v.*

11   *Brewer*, 605 F.3d 1067, 1079 (9th Cir. 2010).  "Even a statutory benefit can run afoul of the

12   Equal Protection Clause, though, if it confers rights in a discriminatory manner or distinguishes

13   between groups in a manner that is not rationally related to a legitimate state interest." *Id.*  "For

14   instance, a state could not choose to re-enfranchise voters of only one particular race, *see Hunter*

15   *[v. Underwood]*, 471 U.S. 222, 233 [(1985)], or re-enfranchise only those felons who are more

16   than six-feet tall." (Citations omitted.)  *Id.*

17        Because Plaintiff does not – and cannot successfully – contest that there is a rational

18   basis for California's law restoring voting rights only to felons who have completed their

19   sentences, *see, e.g.*, *Harvey*, 605 F.3d at 1079, Plaintiff's only other challenge must be an "as

20   applied" challenge.

21        Plaintiff's amended complaint fails to state an equal protection claim on which relief can

22   be granted.  Under a rational basis inquiry, in order to prevail on an equal protection claim,

23   Plaintiff must demonstrate that (1) he is similarly situated to others, (2) he is being treated worse

24   than others to whom he is similarly situated, and (3) there is no rational basis for the disparate

25   treatment.  *More v. Farrier*, 984 F.2d 269, 271 (8th Cir. 1993).  Plaintiff has failed to satisfy any

26   of the three prongs of the rational basis test.

27        Plaintiff has not alleged facts that he is part of a protected class, or that he is similarly

28   situated to others.  *See Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (affirming the

1   district court's dismissal of a Fourteenth Amendment challenge to the constitutionality of an

2   Oregon statute prohibiting felons from voting while imprisoned); *see also Rodriguez v. Cook*,

3   169 F. 3rd 1176, 1179 (9th Cir. 1999) (rejecting a prisoner's claim that the PLRA three-strikes

4   provision violates equal protection by treating indigent prisoners differently from wealthy

5   prisoners because neither state prisoners nor indigent persons are a protected class).

6        Plaintiff asserts that he is being treated differently, but does not explain how.  Plaintiff's

7   only example of being treated differently is his allegation that, on October 30, 2008, Defendant

8   Deleon gave inmate Mentee a ballot form with a deadline as to when it would be picked up,

9   while Plaintiff and several other inmates did not receive ballot forms.  (Compl. Addendum at 3-

10  4.)  This is insufficient to "raise a right to relief above the speculative level."  *Bell Atlantic*

11  *Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted).  Plaintiff does not state how

12  other pretrial detainees were being treated, how non-pretrial detainee inmates were treated, what

13  happens when other inmates requested registration and ballot forms, etc.  In sum, Plaintiff fails

14  to allege what prisoners he is similarly situated to, and how those prisoners are being treated

15  differently than him.  Without any evidence to show how Plaintiff is being treated differently, his

16  claim of equal protection cannot survive a motion for summary judgment.

17       Plaintiff's claim is also not cognizable under the "class of one" theory of equal

18  protection.  If a plaintiff has facts showing that he "has been intentionally treated differently

19  from others similarly situated and that there is no rational basis for the difference in treatment,"

20  then he may proceed under equal protection as a "class of one."  *Village of Willowbrook v.*

21  *Olech*, 528 U.S. 562, 564 (2000).  However, again, Plaintiff has failed to state that other inmates

22  are treated differently, and he also fails to specify the classification scheme on which his claims

23  are based.

24       In sum, Plaintiff's allegations fail to state a claim for violation of equal protection.  He

25  has failed to state that other inmates are treated differently regardless of class, and he also fails to

26  specify the classification scheme on which he bases his claims.  Accordingly, Defendants are

27  entitled to judgment as a matter of law as to Plaintiff's equal protection claim.

28

1              3.      <u>Sections 1985(3)</u>

2        Section 1985(3) proscribes conspiracies to deny equal protection of the law or equal

3 privileges and immunities. *Coverdell v. Dep't. of Soc. and Health Svcs., State of Washington*,

4 834 F.2d 758, 767 (9th Cir. 1987). To state a cause of action under Section 1985(3), Plaintiff

5 must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal

6 protection of the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and

7 (4) a personal injury, property damage or deprivation of any right or privilege of a citizen of the

8 United States. *Gillispie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980). An allegation of racial or

9 class-based discrimination is required to state a claim for relief under the second clause of

10 Section 1985(3). *Bretz v. Kelman*, 773 F.2d 1026, 1028-1030 (9th Cir. 1985); *Sever v. Alaska*

11 *Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992).

12        In interpreting these standards, the Ninth Circuit has held that a claim under Section 1985

13 must allege specific facts to support the allegation that defendants conspired together. *Karim-*

14 *Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988). A mere allegation of

15 conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. *Id.*;

16 *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1991).

17        Plaintiff has failed to satisfy the requirements of a Section 1985(3) claim. He offers only

18 a broad allegation of conspiracy in relation to the deprivation of equal protection. He does not

19 allege the existence of conspiracy which is racially-motivated or otherwise attributable to

20 Plaintiff's status in a protected class. As such, Plaintiff has failed to state a cognizable claim

21 under Section 1985(3), and Defendants are entitled to judgment as a matter of law.

22              4.      <u>Section 1986</u>

23        "Section 1986 authorizes a remedy against state actors who have negligently failed to

24 prevent a conspiracy that would be actionable under § 1985." *Cerrato v. San Francisco Cmty.*

25 *Coll. Dist.*, 26 F.3d 968, 971 n.7 (9th Cir. 1994). Plaintiff may not pursue a claim for relief

26 under 42 U.S.C. § 1986 unless he has first stated a claim for relief under section 1985.

27 *McCalden v. California Library Assoc.*, 955 F.2d 1214, 1223 (9th Cir. 1992). As noted, Plaintiff

28 fails to offer any evidence to support a claim for relief under Section 1985. Accordingly, there is

1   no dispute of material fact that Defendants are entitled to judgment as a matter of law as to this

2   claim.

3                                      **CONCLUSION**

4        Accordingly, Defendants' motion for summary judgment is GRANTED.  The Clerk shall

5   terminate all pending motions and close the file.

6        IT IS SO ORDERED.

7   DATED:  _6/28/12_                          _____

8                                              LUCY H. KOH
                                               United States District Judge

Order Granting Defendant's Motion for Summary Judgment
G:\PRO-SE\SJ.LHK\CR.10\Wilkins090msj.wpd        10